725 So.2d 1269 (1999)
D.E., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0740
District Court of Appeal of Florida, Fourth District.
February 10, 1999.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Maurice J. Houston, Assistant Attorney General, Fort Lauderdale, for appellee.
GUNTHER, J.
Appellant, D.E. appeals from the lower court's final order adjudicating him delinquent of trespass in an occupied structure. We reverse and remand.
D.E., along with a male and female, were discovered by officers sleeping in a vehicle that had been reported stolen the previous night. D.E. was arrested and charged with trespass in an occupied structure or conveyance, a first degree misdemeanor. See § 810.08(1),(2)(b), Fla. Stat. (1997). D.E. was tried and adjudicated delinquent of the charge. This appeal followed.
Section 810.08(1), (2)(b), Florida Statutes provides in pertinent part:
(1) Whoever, without being authorized, licensed, or invited, willfully enters or remains in any structure or conveyance ... commits the offense of trespass in a structure or conveyance.
(2)(a) Except as otherwise provided in this subsection, trespass in a structure or conveyance is a misdemeanor of the second degree ...
(b) If there is a human being in the structure or conveyance at the time the offender trespassed, ... or was in the structure or conveyance, the trespass in a structure or conveyance is a misdemeanor of the first degree....
D.E. contends that because the vehicle was occupied by his confederates and not by persons the trespass statute was intended to protect, i.e., owners and innocent victims, the lower court erred in adjudicating him delinquent of the first degree misdemeanor, trespass to an occupied conveyance, rather than the second degree misdemeanor of trespass to a conveyance. The state responds that because D.E. was found in the vehicle with two other "human beings" at the time the vehicle was discovered, the vehicle was "occupied" as provided in the statute, and thus, was sufficient to elevate the charge to trespass to an occupied conveyance. We disagree.
A plain reading of Section 810.08(1), (2)(b), the trespass statute, indicates an obvious intent by the legislature to protect owners or innocent victims who happen to be *1270 occupying a conveyance when an offender trespasses. We do not believe that it was the intent of the legislature to protect co-defendants from one another, or to punish them more harshly for acting in concert with one another. The literal interpretation advanced by the state and the lower court lead to an unreasonable conclusion not contemplated or intended by the legislature. Therefore, we do not agree that the vehicle was "occupied" as intended by the statute at the time D.E. trespassed. As such, we reverse and remand for further proceedings.
REVERSED AND REMANDED.
SHAHOOD and TAYLOR, JJ., concur.